IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE FELIX,

      Plaintiff,                    No. CIV S-08-3100 GGH P

  vs.

MICHAEL MARTEL, Warden,

      Defendant.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se in this matter that has been transferred from the Northern District of California. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding

month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    This complaint is wholly violative of Fed. R. Civ. P. 8, which sets forth general
2 rules of pleading in the federal courts.  Complaints are required to set a forth (1) the grounds
3 upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing
4 entitlement to relief; and (3) a demand for the relief plaintiff seeks.  The complaint meets none of
5 these requirements.  Rule 8 requires "sufficient allegations to put defendants fairly on notice of
6 the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)).

7    Plaintiff in the complaint form refers the court to enclosed documents, states that
8 the defendant, who is not identified in the complaint, "has all the proof to seek the relief [sic],
9 and that the courts have been giving plaintiff "the run around."  Complaint, pp. 2-3.  The
10 documents attached include an unauthenticated copy of an unexplained accommodation chrono
11 and two brief unauthenticated copies of forms/correspondence apparently sent to plaintiff from
12 the Amador County Superior Court.  The two-sentence complaint does not contain sufficient
13 allegations to put defendants fairly on notice.  See Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct.
14 99, 102, 2 L. Ed. 2d 80 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir.
15 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice
16 requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed.
17 1990).

18    This court has neither the time nor the resources to attempt to ferret out plaintiff's
19 allegations for him; nor would it be proper to do so.  This complaint will be dismissed, but
20 plaintiff will be given leave to amend.  In doing so, plaintiff is advised to comply with the
21 requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules
22 of Practice.

23    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
24 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
25 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
26 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: March 5, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
feli3100.bnf

4